NOT F()R I’[FB`L_ICA\TI()'N I_N WEST'S HAWAI‘I RE],’()RTS ANI) PACIFIC REP()RTF.R

No. 30097
 
im THE :NTERMED:ATE coURT oF APPEALs §§

mg MM

oF rsa sTATs oF HAwA:U: 11 my

. ….., 

s~ ii

PH:L:P K. PALAMA, JR., et ai., »W @$

§§

Plaintiffs-Appellees/Cross-Appellants,

 

v.
GILBERT MEDEIROS, SR., et al.,
Defendants-Appellants/Cross~Appellees
APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(cIvIL No. 99-0050)
ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDIC'I'ION
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal and cross-appeal that Defendant/
Appellant/Cross~Appellee Antone "Max" Medeiros (Max Medeiros)
(Appellant Eric Hoo) and Plaintiffs/Appellees/Cross~Appellants
Philip K. Palama, Jr. (Appellee Philip Palama), Patricia M.
Palama (Appellee Patricia Palama), Violet K. Ihara (Appellee
violet Ihara) and Iris P. Hornstine (Appellee Hornstine) have
asserted from the Honorable Randal G. B. Valenciano's July 22,
2009 judgment, because the July 22, 2009 judgment does not
satisfy the requirements for an appealable final judgment under
Hawaii Revised Statutes (HRS) § 641-l(a) (l993 & Supp. 2008),
Rule 58 of the Hawafi Rules of Civil Procedure (HRCP), and the
holding in Jenkins v. Cades Schutte Fleming & Wriqht, 76 Hawafi
ll5, ll9, 869 P.2d l334, l338 (l994).

Under Hawafi law, "[a]ppeals shall be allowed in civil
matters from all final judgments, orders, or decrees of

circuit . . . courts[.]" HRS § 641-l(a). Appeals under HRS

NOT F()R PUBLI(IATION IN WEST'S HAWA!‘I RE.PORTS AN_D PAC}FIC REPORTER
§ 64l~l "shall he taken in the manner . . . provided by the rules
of the court." HRS § 641-l(c}. HRCP Rule 58 requires that
"[e]very judgment shall he set forth on a separate document."
HRCP Rule 58. Based on this requirement under HRCP Rule 58, the
supreme court has held that "{a]n appeal may be taken from
circuit court orders resolving claims against parties only after
the orders have been reduced to a judgment and the judgment has
been entered in favor of and against the appropriate parties
pursuant co HRCP [Ruie] 58 [.§1 " Jenk;ins, 76 Hawai‘i at 119, 369

P.2d at 1338 (emphasis added). Furthermore,

if a judgment purports to be the final judgment in a case

involving multiple claims or multiple parties, the judgment
(a) must specifically identify the party or parties for and
against whom the judgment is entered, and (b) must §i)
identify the claims for which it is entered, and

(ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

For example: "Pursuant to the jury verdict entered on
(date), judgment in the amount of $ is hereby entered in
favor of Plaintiff X and against Defendant Y upon counts I
through IV of the complaint." A statement that declares
"there are no other outstanding claims" is not a judgment.
If the circuit court intends that claims other than those
listed in the judgment language should be dismissed, it must
say soc for example, "Defendant Y's counterclaim is
dismissed," or "Judgment upon Defendant Y's counterclaim is
entered in favor of Plaintiff/Counter-Defendant Z," or "all
other claims, counterclaims, and cross-claims are
dismissed."

l§; at 119-20 n.4, 869 P.2d at l338~39 n.4 (emphases added).
"[A]n appeal from any judgment will be dismissed as premature if
the judgment does not, on its face, either resolve all claims
against all parties or contain the finding necessary for
certification under HRCP [Rule] 54(b)." ;d; at ll9, 869 P.2d at
l338.

The July 22, 2009 does not, on its face, resolve all
claims against all parties in this case. For example, although
the July 22, 2009 judgment enters judgment in favor of Appellee

_2_

NOT .F()R PI.)'BLICAT!()N lN WEST'S HAWAI‘I REPOR’I`S AiN'D PACIFIC RIDPORTER
?hilip Palama, Appellee Patricia Palama, Appellee violet Ihara
and Appellee Hornstine, the July 22, 2009 judgment refers to
neither Plaintiff/Appellee/Cross-Appellee Teruo Ihara (Appellee
Teruo Ihara) nor any of the numerous defendants in this case.
Although this case involves (a) an amended complaint with seven
separate counts, (h) counterclaims and (c) cross-claims, the
July 22, 2009 judgment does not specifically identify the claim
or claims on which the circuit court intends to enter judgment.
The July 22, 2009 judgment does not expressly dismiss any of the
numerous unidentified claims. If the circuit court intends to
resolve less than all the claims in this case, then the July 22,
2009 judgment does not contain the express finding necessary for
certification of a judgment that resolves less than all claims
pursuant to HRCP Rule 54(b). Consequently, the July 22, 2009
judgment does not satisfy the requirements for an appealable
final judgment under HRCP Rule 58 and the holding in Jenkins.

Absent an appealable final judgment, the appeal and
cross-appeal in appellate court case number 30087 are premature
and we lack jurisdiction. Accordingly,

IT IS HEREBY ORDERED AND DECREED that appellate court
case number 30087 is dismissed for lack of jurisdiction.

DATED: Honolulu, HawaiUq February ll, 20l0.

ja ¢/aza,m.._
Chief Judge

Associate Judge

aaa wear

Associate Judge